881 F.2d 1069
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John CLEARY, Petitioner,
v.
UNITED STATES STEEL CORPORATION: Office of Workers
Compensation Program, Respondents.
 No. 88-2159.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 26, 1989.
Decided July 27, 1989.
 
 Frederick K. Muth, Hensley, Muth, Gardon and Hayes on brief for appellant.
 Robert C. Jones for appellee.
 Before HARRISON L. WINTER and DONALD RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Cleary, claimant, appeals the Benefit Review Board's ("BRB") affirmance of an administrative law judge's ("ALJ") determination denying benefits on a claim filed pursuant to the provisions of the Federal Coal Mine Health and Safety Act of 1969 ("Act"), as amended, 30 U.S.C. Sec. 901 et seq. Finding no error, we affirm.
 
 I.
 
 2
 Claimant worked as a coal miner with the United States Steel Corporation for 34 years prior to 1982, when he retired. After experiencing severe breathing problems, claimant filed for benefits under the Act within six months of his retirement, alleging that he suffered from occupational pneumoconiosis (black lung disease) as defined by 20 C.F.R. part 718.201. After reviewing the findings of doctors who studied X-rays of the claimant's lungs, as well as his medical record, the ALJ found that the claimant suffered from black lung disease. The ALJ also found, however, that the claimant had not established that he was totally disabled by the disease as required by 20 C.F.R. part 718.204(c)(1) or (2) and accordingly did not qualify for disability benefits.
 
 
 3
 Such conclusion was based on five medical reports of record which presented conflicting evidence with regard to the issue of claimant's total disability. In reaching his final conclusion, the ALJ found that the negative findings were entitled to the greatest weight as they were compatible with the lack of support for a finding of total disability yielded by blood gas and pulmonary studies done on the claimant. Claimant now appeals the BRB's affirmation of this finding.
 
 II.
 
 4
 As a court of review, the scope of our inquiry is limited as we examine only for errors of law and will overturn administrative findings only when they are not supported by substantial evidence. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947).
 
 
 5
 Claimant here concedes that the results of the ventilatory studies and arterial blood gas tests do not meet the criteria for total disability under 20 C.F.R. Sec. 718.204(c)(1) or (2). He further concedes that the findings of the ALJ as affirmed by the BRB are supported by substantial evidence. The flaw in this case, according to the claimant, is that the ALJ failed to give sufficient weight to the provisions of 20 C.F.R. Sec. 718.204(c)(4), which provides
 
 
 6
 Where total disability cannot be established under Paragraphs (c)(1), (c)(2) or (c)(3) of this section, or where pulmonary function tests and/or blood-gas studies are medically contraindicated, total disability may nevertheless be found if a physician exercising reasoned medical judgment, based upon medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in [further mining activity,]
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 We find such exception to be flawed. Here, the ALJ was presented with conflicting medical evidence. In giving greater weight to a particular medical opinion, the ALJ gave an adequate explanation for doing so. He did not, as the claimant contends, reject the reports of consulting physicians simply because they were not supported by independently qualifying objective testing results. Rather, such reports were rejected because they were in direct conflict with independent test data of record. Our reading of Section 718.204(c)(4) does not find it to require a participating ALJ to ignore credible and substantial medical opinion simply because it contradicts the opinion of another examining physician. Further, the decision of the ALJ does not, as the claimant contends, render the provisions of Section 718.204(c)(4) meaningless--it simply is inapplicable in this case. Clearly, the decision of the ALJ was supported by substantial evidence. We need look no further to affirm the judgment of the ALJ.
 
 
 11
 AFFIRMED.